THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| KAREN LYNNE THORNTON<br>106 Cherokee Trail<br>Wilmington, NC 28409 | )<br>)<br>)<br>) |
| Plaintiff, | )  CIVIL ACTION _____<br>) |
| vs. | )<br>) |
| ELI LILLY AND COMPANY,<br>Lilly Corporate Center<br>Indianapolis, IN 46285 | )  DEFENDANT ELI LILLY AND<br>)  COMPANY'S NOTICE OF<br>)  REMOVAL OF CIVIL ACTION |
| and | )<br>) |

Case: 1:07-cv-02179
Assigned To : Walton, Reggie B.
Assign. Date : 12/3/2007
Description: PI/Malpractice

JURY ACTION

ABBOTT LABORATORIES, INC.
100 Abbott Park Road
Abbott Park, IL 60064
w/s/o CT CORPORATION
1025 Vermont Avenue, N.W.
Washington, D.C. 20005

and

BRISTOL-MEYERS SQUIBB COMPANY
as successor to E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
w/s/o CT CORPORATION
1025 Vermont Avenue, N.W.
Washington, D.C. 20005

and

DART INDUSTRIES, INC.,
as successor to REXALL DRUG CO., INC.
c/o Sheila Ann Marie Moeller, Esq.
Gilbride, Tusa, Last & Spellane, LLC
31 Brookside Drive
Greenwich, CT 06830

and

143772v2

*1*

|  |  |
|---|---|
| **GLAXOSMITHKLINE**<br>**a successor to S.E. MASSENGILL, CO.**<br>**5 Moore Drive**<br>**Research Triangle Park, NC 27709**<br>**w/s/o GLAXOSMITHKLINE**<br>**1500 K Street, N.W.**<br>**Washington, D.C. 20036**<br><br>**and**<br><br>**KREMERS-URBAN CO.**<br>**6140 E. Executive Drive**<br>**Mequon, WI 53092**<br>**w/s/o JACKSON & CAMPBELL, P.C.**<br>**1120 20th Street, N.W., Suite 300**<br>**Washington, D.C. 20036**<br><br>**and**<br><br>**MALLINCKRODT, INC.**<br>**675 McDonnell Boulevard**<br>**St. Louis, MO 63402** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

*07-2179*

2

143772v2

```
                                          )
and                                       )
                                          )
PHARMACIA and UPJOHN COMPANY              )
(aka THE UPJOHN COMPANY)                  )
100 Route 206 North                       )
Peapack, NJ 07977                         )
w/s/o CT CORPORATION                      )
1025 Vermont Avenue, N.W.                 )
Washington, D.C. 20005                    )
                                          )
                     Defendants.          )
                                          )
_____)
```

## DEFENDANT ELI LILLY AND COMPANY'S
## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action from the Superior Court of the District of Columbia, Civil Division, to this Court. The grounds for removal are as follows:

### INTRODUCTION

1.      On November 13, 2007, plaintiffs filed this case against Lilly, Abbott Laboratories, Inc. ("Abbott"), Bristol-Myers Squibb Company ("Squibb"), Dart Industries, Inc. ("Dart"), GlaxoSmithKline ("Glaxo"), Kremers-Urban Co. ("Kremers-Urban"), Mallinckrodt, Inc. ("Mallinckrodt"), Merck & Co., Inc. ("Merck"), Person & Covey, Inc. ("Person & Covey"), Premo Pharmaceutical Laboratories, Inc. ("Premo"), and Pharmacia and Upjohn Company ("Upjohn"). The action is styled as *Karen Lynne Thornton v. Eli Lilly and Company, et al.*, Civil Action No. 0007518-07, in the Superior Court of the District of Columbia, Civil Division. In her Complaint, plaintiff Karen Lynne Thornton alleges that her *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations, miscarriages, an inability to carry a pregnancy to term, and infertility and that she incurred medical expenses for care and

3

143772v2

treatment, suffered physical and mental pain, and was deprived of the family she desired. *See* Complaint at ¶ 6.

2.      Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A**.

## NOTICE OF REMOVAL IS TIMELY

3.      Plaintiffs served the Complaint in this action on Lilly on November 14, 2007. The Complaint was the first pleading that Lilly received setting forth the claims for relief on which this action is based.   Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction.  This Notice of Removal is timely.

## DIVERSITY JURISDICTION EXISTS

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332.  This case may be removed pursuant to 28 U.S.C. § 1441 because, as is explained in full below, this case is a civil action that involves a controversy between citizens of different states and in which the amount in controversy, exclusive of interest and costs, exceeds $75,000.  This action is being removed to the District Court for the district where the action is pending.

5.      Title 28 U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Plaintiffs filed this action in the Superior Court of the District of Columbia.  No defendant in this action is a citizen of the District of Columbia.

6.      Upon information and belief, plaintiff is a citizen of North Carolina. *See* caption of plaintiff's Complaint, listing plaintiff's residence in Wilmington, North Carolina.

4

7.     Lilly is a corporation organized under the laws of the State of Indiana, and Lilly's principal place of business is located in Indiana. Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

8.     Abbott is a corporation organized under the laws of the State of Illinois, and Abbott's principal place of business is located in Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), Abbott is a citizen of Illinois. Abbott has consented to removal. *See* Abbott Consent to Removal attached hereto as **Exhibit B**.

9.     Squibb is a corporation organized under the laws of the State of Delaware, and Squibb's principal place of business is located in New York. Pursuant to 28 U.S.C. § 1332(c)(1), Squibb is a citizen of Delaware and New York. Squibb has consented to removal. *See* Squibb Consent to Removal attached hereto as **Exhibit C**.

10.     Dart is a corporation organized under the laws of the State of Delaware, and Dart's principal place of business is located in Florida. Pursuant to 28 U.S.C. § 1332(c)(1), Dart is a citizen of Delaware and Florida. Dart has consented to removal. *See* Dart Consent to Removal attached hereto as **Exhibit D**.

11.     Glaxo is a corporation organized under the laws of the State of Pennsylvania, and Glaxo's principal place of business is located in Pennsylvania. Pursuant to 28 U.S.C. § 1332(c)(1), Glaxo is a citizen of Pennsylvania. Glaxo has consented to removal. *See* Glaxo Consent to Removal attached hereto as **Exhibit E**.

12.     Kremers-Urban is a corporation organized under the laws of the State of Wisconsin, and Kremers-Urban's principal place of business is located in Wisconsin. Pursuant to 28 U.S.C. § 1332(c)(1), Kremers-Urban is a citizen of Wisconsin. Kremers-Urban has consented to removal. *See* Kremers-Urban Consent to Removal attached hereto as **Exhibit F**.

13.     Mallinckrodt is a corporation organized under the laws of the State of Delaware, and Mallinckrodt's principal place of business is located in Missouri. Pursuant to 28 U.S.C. § 1332(c)(1), Mallinckrodt is a citizen of Delaware and Missouri. Based upon information and belief, Mallinckrodt has not been served with a summons or complaint in this action.

14.     Merck is a corporation organized under the laws of the State of New Jersey, and Merck's principal place of business is located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Merck is a citizen of New Jersey. Merck has consented to removal. *See* Merck Consent to Removal attached hereto as **Exhibit G.**

15.     Person & Covey is a corporation organized under the laws of the State of California, and Person & Covey's principal place of business is located in California. Pursuant to 28 U.S.C. § 1332(c)(1), Person & Covey is a citizen of California. Based upon information and belief, Person & Covey has not been served with a summons or complaint in this action.

16.     Premo is a corporation organized under the laws of the State of New Jersey, and Premo's principal place of business is located in Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Premo is a citizen of New Jersey and Connecticut. Premo has consented to removal. *See* Premo's Consent to Removal attached hereto as **Exhibit H.**

17.     Upjohn is a corporation organized under the laws of the State of Delaware, and Upjohn's principal place of business is located in Michigan. Pursuant to 28 U.S.C. § 1332(c)(1), Upjohn is a citizen of Delaware and Michigan. Upjohn has consented to removal. *See* Upjohn's Consent to Removal attached hereto as **Exhibit I.**

18.     Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

143772v2

## AMOUNT IN CONTROVERSY

19.    In her Complaint, plaintiff seeks a total of $2,000,000 in compensatory damages from defendants. *See* Complaint at p. 7. Based on the damages sought by plaintiff, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## REMOVAL TO THIS DISTRICT

20.    Removal venue exists in the United States District Court for the District of Columbia because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia.

21.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on the attorney for plaintiff, and a copy of this Notice will be promptly filed with the Clerk of the Superior Court for the District of Columbia, Civil Division. A copy of the Notice of Filing of Notice of Removal to Federal Court is attached hereto as **Exhibit J**.

22.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and because the action is between citizens of different states.

23.    Lilly reserves all defenses including, without limitation, the defense of lack of personal jurisdiction.

24.    Lilly reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Lilly gives notice that the matter styled as *Karen Lynne Thornton v. Eli Lilly and Company, et al.*, Civil Action No. 0007518-07, in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and Lilly requests that this Court retain jurisdiction for all further proceedings.

143772v2

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, NW Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON,  L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of December, 2007, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC  20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD  21202
**Attorneys for Bristol Myers Squibb Company**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA  22102
**Attorneys for Dart Industries, Inc.**

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

Robert N. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W.
Washington, DC 20036
**Attorneys for Kremers-Urban Co.**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC  20005
**Attorneys for Merck & Co., Inc. and Pharmacia and Upjohn Company**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

Sarah S. Keast
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C.  20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

_John Chadwick Coots_
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

9

143772v2

**EXHIBIT A**



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

KAREN LYNNE THORNTON
    Vs.
ELI LILLY AND COMPANY

C.A. No.    2007 CA 007518 B

**INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge RONNA L BECK
Date:   November 13, 2007
Initial Conference: 9:30 am, Friday, February 29, 2008
Location:  Courtroom 518
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

07 2179

**FILED**

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia

## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

KAREN THORNTON

*Plaintiff*

0007518-07

vs.

ELI LILLY AND COMPANY

Civil Action No. _____

*Defendant*

## SUMMONS

To the above named Defendant:

　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine
_____
Name of Plaintiff's Attorney

1320 Nineteenth St., NW  5th Fl.
_____          By _____
Address                                                                  *Deputy Clerk*

Washington, DC 20036
_____
                                                                 Date ___Nov. 13, 2007___

202-833-8040
_____
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(6)-456/May 03

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTECHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ES-TATE YOU OWN MAY BE TAKEN AND SOLD TO PAY JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly con-tact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

```
                                                  }
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ }
KAREN LYNNE THORNTON                              }
106 Cherokee Trail                               }
Wilmington, NC 28409                             }
                                                  }
            Plaintiff,                            }
                                                  }
       v.                                         }
                                                  }
                                                  }
ELI LILLY AND COMPANY                             }
Lilly Corporate Center                           }
Indianapolis, IN 46285                           }
    w/s/o NATIONAL REGISTERED AGENTS, INC.        }
    1090 Vermont Avenue, N.W., #910              }
    Washington, DC 20005                          }
                                                  }
                                                  }
       and                                        }
                                                  }
                                                  }
ABBOTT LABORATORIES, INC.                         }
100 Abbott Park Road                             }
Abbott Park, IL 60064                            }
    w/s/o CT CORPORATION                          }
    1025 Vermont Avenue, N.W.                     }
    Washington, DC 20005                          }
                                                  }
                                                  }
       and                                        }
                                                  }
                                                  }
BRISTOL-MYERS SQUIBB COMPANY                      }
       as successor to E.R. Squibb & Sons, Inc.  }
P.O. Box 4500                                     }
Princeton, NJ 08543                               }
    w/s/o CT CORPORATION                          }
    1025 Vermont Avenue, N.W.                     }
    Washington, DC 20005                          }
                                                  }
                                                  }
       and                                        }
                                                  }
                                                  }
DART INDUSTRIES, INC.                             }
       as successor to Rexall Drug Company, Inc. }
    w/s/o Sheila Ann Marie Moeller, Esq.         }
    Gilbride, Tusa, Last & Spellane              }
    31 Brookside Drive                            }
    Greenwich, CT 06830                           }
```

RECEIVED
Civil Clerk's Office

NOV 1 3 2007

Superior Court of the
District of Columbia
Washington, D.C.

Civil Action No:

0007819-07

1

and                                                    }
                                                       }
                                                       }
GLAXOSMITHKLINE,                                       }
        as successor to S.E. Massengill Co.            }
5 Moore Drive                                          }
Research Triangle Park, NC 27709                       }
    w/s/o GLAXOSMITHKLINE                              }
    1500 K Street, N.W.                                }
    Washington, DC 20036                               }
                                                       }
        and                                            }
                                                       }
KREMERS-URBAN CO.,                                     }
6140 W. Executive Drive                                }
Mequon, WI 53092                                       }
    w/s/o JACKSON & CAMPBELL, P.C.                     }
    1120 20$^{TH}$ Street, N.W., Suite 300             }
    Washington, DC 20036                               }
                                                       }
MALLINCKRODT, INC.                                     }
675 McDonnell Boulevard                                }
Saint Louis, MO 63042                                  }
                                                       }
MERCK & CO., INC.                                      }
P.O. Box 4                                             }
West Point, PA 19486                                   }
    w/s/o CT CORPORATION SYSTEM                        }
    1025 Vermont Avenue, N.W.                          }
    Washington, DC 20005                               }
                                                       }
PERSON & COVEY, INC.                                   }
616 Allen Avenue                                       }
Glendale, CA 91221                                     }
                                                       }
PREMO PHARMACEUTICAL LABORATORIES, INC.}
    w/s/o Corporation Trust Co.                        }
    820 Bear Tavern Road                               }
    West Trenton, NJ  08628                            }
                                                       }
PHARMACIA AND UPJOHN COMPANY                           }
100 Route 206 North                                    }
Peapack, NJ  07977                                     }
    w/s/o CT CORPORATION                               }
    1025 Vermont Avenue, N.W.                          }
    Washington, D.C.  20005                            }

2



|                                    | }  |
|                                    | }  |
|             Defendants.            | }  |
| ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ | }  |

## COMPLAINT
### (DES Litigation – Products Liability, Punitive Damages)

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethystilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Negligent Failure to Warn)

3. On or about 1961 and 1962, during her pregnancy with Plaintiff, the mother of the Plaintiff herein bought and ingested DES in California. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States and the State of California.

4. It was the duty of Defendants to adequately warn Plaintiff's mother and Plaintiff as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

5. Defendants negligently failed to adequately warn Plaintiff's mother and Plaintiff of DES risks as to safety and efficacy of DES.

6. As a result of said negligence, Plaintiff was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant miscarriages, an inability to carry a child to term, infertility, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

3

## COUNT II
### (Negligent Failure to Test)

7. All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

8. Defendants had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

9. Defendants negligently failed to test DES in any regard as to its safety and efficacy.

10. As a result of Defendants' said negligence, Plaintiff was injured as aforesaid.

## COUNT III
### (Strict Liability)

11. All of the allegations contained in Count I and II are re-alleged and incorporated herein by reference.

12. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13. Defendants are engaged, or have been engaged, in the business of producing DES, and is, or have been, commercial manufacturers of said drug.

14. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

15. Said product was defective when placed on the market by Defendants. DES was sold by the Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

4

16. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

17. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

18. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT IV
### (Breach of Warranty)

19. All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

20. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

21. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

5

22. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

23. As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

## COUNT V
### (Misrepresentation)

24. All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

25. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

26. The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

27. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

28. As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

6

## COUNT VI
### (Punitive Damages)

29. All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

30. The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE,** Plaintiff demands judgment against Defendants, in the sum of Two Million Dollars ($2,000,000) as compensatory damages and the sum of Two Million Dollars ($2,000,000) as punitive damages, plus costs.

7

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Cooper #502149

1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiffs


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

8

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

KAREN LYNNE THORNTON          *

      Plaintiff          *

                                    Civil Action No.: 07-CA-0007518

v.          *          Judge: Ronna L. Beck

                                      Next Event: Initial Conference

ELI LILLY & COMPANY, et al.          *          February 29, 2008 @ 9:30 a.m.

      Defendants          *

      *     *     *     *     *     *     *     *     *

## ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.    As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiff.

2.    As to Paragraph 2 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States, and this Defendant admits

that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3.     As to Count I, Paragraph 3 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph, and demands strict proof thereof by the Plaintiff.

4.     As to Count I, Paragraphs 4, 5 and 6 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

5.     As to Count II, Paragraph 7 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 6 as fully as if they were repeated verbatim herein.

6.     As to Count II, Paragraphs 8, 9 and 10 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

7.     As to Count III, Paragraph 11 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 10 as fully as if they were repeated verbatim herein.

8.     As to Count III, Paragraphs 12, 13, 14, 15, 16, 17 and 18 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

9.     As to Count IV, Paragraph 19 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

10.     As to Count IV, Paragraphs 20, 21, 22 and 23 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

11.    As to Count V, Paragraph 24 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 23 as fully as if they were repeated verbatim herein.

12.    As to Count V, Paragraphs 25, 26, 27 and 28 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

13.    As to Count VI, Paragraph 29 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 28 as fully as if they were repeated verbatim herein.

14.    As to Count VI, Paragraph 30 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiff's Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiff's causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

### EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

4

## NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

## THIRTEENTH DEFENSE

Plaintiff's causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

5

## SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

## SEVENTEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

## EIGHTEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

6

### **TWENTY-FIRST DEFENSE**

Count VI of the Complaint does not constitute a separate cause of action, but merely requests a different type of damages and, therefore, Count VI of the Complaint is a legal nullity.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

/s/  Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
sgl@gdldlaw.com
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of November, 2007, a copy of the

foregoing Answer to Complaint was mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Brandon J. Waggoner, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Defendant Eli Lilly & Company*

Elizabeth Ewert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Pharmacia and Upjohn Company; Merck & Company;*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; *Attorneys for GlaxoSmithKline, Inc. and Mallinckrodt, Inc.*

Sarah S. Keast Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

8

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793; *Attorneys for Abbott Laboratories, Inc.*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314; *Attorneys for Person & Covey, Inc.*

Robert N. Kelly, Esquire
Jackson & Campbell, PC
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036*; Attorneys for Kremers-Urban Co.*

/s/ Sidney G. Leech
Sidney G. Leech

**EXHIBIT B**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KAREN LYNNE THORNTON,<br>106 Cherokee Trial<br>Wilmington, NC 28409<br><br>              Plaintiff,<br><br>        vs.<br><br>ELI LILLY AND COMPANY, et al.,<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>           Defendants. | CIVIL ACTION NO. _____<br><br>SUPERIOR COURT NO. 2007 CA 007518 B |

## DEFENDANT ABBOTT
## LABORATORIES, INC.'S CONSENT TO REMOVAL

Defendant Abbott Laboratories, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 007518 B), to this Court.

*Jennifer G. Levy (by permission JW)*

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005-5793
Telephone: (202) 879-5211
Facsimile: (202) 879-5200

**ATTORNEYS FOR ABBOTT
LABORATORIES, INC.**

07 2179

**FILED**

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT C**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **KAREN LYNNE THORNTON,**<br>**106 Cherokee Trial**<br>**Wilmington, NC 28409**<br><br>                    **Plaintiff,**<br><br>           **vs.**<br><br>**ELI LILLY AND COMPANY, et al.,**<br>**Lilly Corporate Center**<br>**Indianapolis, IN 46285**<br><br>                    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. _____

SUPERIOR COURT NO. 2007 CA 007518 B

## DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S CONSENT TO REMOVAL

Defendant Bristol-Myers Squibb Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 007518 B), to this Court.

*Sidney S. Leech (by permission /lv)*

Sidney G. Leech
Goodell, Devries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 783-4000
Facsimile: (410) 783-4040

**ATTORNEYS FOR BRISTOL-MYERS**
**SQUIBB COMPANY**

07 2179

**FILED**

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

143788v1

**EXHIBIT D**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN LYNNE THORNTON,<br>106 Cherokee Trial<br>Wilmington, NC 28409 )<br><br>Plaintiff, )<br><br>vs. )<br><br>ELI LILLY AND COMPANY, et al.,<br>Lilly Corporate Center<br>Indianapolis, IN 46285 )<br><br>Defendants. ) | CIVIL ACTION NO. _____<br><br>SUPERIOR COURT NO. 2007 CA 007518 B |

## DEFENDANT DART INDUSTRIES, INC.'S CONSENT TO REMOVAL

Defendant Dart Industries, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 007518 B), to this Court.

_John F. Anderson (by permission JW)_
John F. Anderson, DC Bar No. 393764
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340

**ATTORNEYS FOR DART INDUSTRIES, INC.**

07 2179

# FILED

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

143789v1

**EXHIBIT E**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAREN LYNNE THORNTON,** <br> **106 Cherokee Trial** <br> **Wilmington, NC 28409** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **ELI LILLY AND COMPANY, et al.,** <br> **Lilly Corporate Center** <br> **Indianapolis, IN 46285** <br><br> **Defendants.** | **CIVIL ACTION NO.** _____ <br><br> **SUPERIOR COURT NO. 2007 CA 007518 B** |

### DEFENDANT GLAXOSMITHKLINE'S CONSENT TO REMOVAL

Defendant GlaxoSmithKline, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 007518 B), to this Court.

_Janet K. Coleman_ (by permission /jw/)
Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
Telephone: (410) 583-8000
Facsimile: (800) 893-1239

**ATTORNEYS FOR**
**GLAXOSMITHKLINE**

07 2179

**FILED**

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

143787v1

**EXHIBIT F**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KAREN LYNNE THORNTON,  )
106 Cherokee Trial      )
Wilmington, NC 28409    )
                        )
            Plaintiff,  )
                        )    CIVIL ACTION NO. _____
                        )
        vs.             )    SUPERIOR COURT NO. 2007 CA 007518 B
                        )
ELI LILLY AND COMPANY, et al.,  )
Lilly Corporate Center  )
Indianapolis, IN 46285  )
                        )
            Defendants. )

---

### DEFENDANT KREMERS-URBAN COMPANY'S CONSENT TO REMOVAL

Defendant Kremers-Urban Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 007518 B), to this Court.

Robert N. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W.
Washington, DC 20036
Telephone: (202) 457-1647
Facsimile: (202) 457-1678

**ATTORNEYS FOR KREMERS-URBAN COMPANY**

07 2179

143797v1

**FILED**

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK

**EXHIBIT G**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAREN LYNNE THORNTON,** <br> **106 Cherokee Trial** <br> **Wilmington, NC 28409** <br><br>          **Plaintiff,** <br><br>      **vs.** <br><br> **ELI LILLY AND COMPANY, et al.,** <br> **Lilly Corporate Center** <br> **Indianapolis, IN 46285** <br><br>          **Defendants.** | CIVIL ACTION NO. _____ <br><br> SUPERIOR COURT NO. 2007 CA 007518 B |

## DEFENDANT MERCK & CO., INC.'S CONSENT TO REMOVAL

Defendant Merck & Co, Inc., with full reservation of any and all rights and

defenses, hereby consents to removal of the above-captioned action, which was originally filed

in the Superior Court of the District of Columbia (Case No. 2007 CA 007518 B), to this Court.

*Elizabeth Ewert (by permission/rw)*

Elizabeth Ewert
Drinker Biddle & Reath, L.L.P.
1500 K Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 842-8800
Facsimile: (202) 842-8465

**ATTORNEYS FOR MERCK & CO., INC.**

07 2179

# FILED

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

143799v1

**EXHIBIT H**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **KAREN LYNNE THORNTON,** <br> **106 Cherokee Trial** <br> **Wilmington, NC 28409** | ) <br> ) <br> ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| **vs.** | ) CIVIL ACTION NO. _____ <br> ) <br> ) SUPERIOR COURT NO. 2007 CA 007518 B |
| **ELI LILLY AND COMPANY, et al.,** <br> **Lilly Corporate Center** <br> **Indianapolis, IN 46285** | ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S
## CONSENT TO REMOVAL

Defendant Premo Pharmaceutical Laboratories, Inc., with full reservation of any

and all rights and defenses, hereby consents to removal of the above-captioned action, which was

originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 007518 B),

to this Court.

*Sarah S. Keast (by permission /JW )*

Sarah S. Keast
Goodwin & Proctor, L.L.P.
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

**ATTORNEYS FOR PREMO**
**PHARMACEUTICAL LABORATORIES,**
**INC.**

07 2179

# FILED

DEC - 3 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

143790v1

**EXHIBIT I**

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KAREN LYNNE THORNTON, )
106 Cherokee Trial )
Wilmington, NC 28409 )
)
                Plaintiff, )
) CIVIL ACTION NO. _____
          vs. )
) SUPERIOR COURT NO. 2007 CA 007518 B
ELI LILLY AND COMPANY, et al., )
Lilly Corporate Center )
Indianapolis, IN 46285 )
)
                Defendants. )
)

## DEFENDANT PHARMACIA AND UPJOHN COMPANY'S CONSENT TO REMOVAL

       Defendant Pharmacia and Upjohn Company, with full reservation of any and all

rights and defenses, hereby consents to removal of the above-captioned action, which was

originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 007518 B),

to this Court.

 

                         *Elizabeth Ewert (by permission /pw)*
                         Elizabeth Ewert
                         Drinker Biddle & Reath, L.L.P.
                         1500 K Street NW, Suite 1100
                         Washington, DC 20005
                         Telephone: (202) 842-8800
                         Facsimile: (202) 842-8465

                         **ATTORNEYS FOR PHARMACIA AND**
                         **UPJOHN COMPANY**

07 2179

# FILED

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT J**

### SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| **KAREN LYNNE THORNTON**<br>**106 Cherokee Trail**<br>**Wilmington, NC 28409** | )<br>)<br>)<br>) |
| | ) **CIVIL ACTION  NO. 2007 CA 007518 B** |
| Plaintiff, | )<br>)<br>) |
| **vs.** | )<br>)<br>) |
| **ELI LILLY AND COMPANY,**<br>**Lilly Corporate Center**<br>**Indianapolis, IN 46285** | ) **DEFENDANT ELI LILLY AND**<br>) **COMPANY'S NOTICE OF**<br>) **REMOVAL TO FEDERAL COURT**<br>)<br>) |
| **and** | )<br>) |
| **ABBOTT LABORATORIES, INC.**<br>**100 Abbott Park Road**<br>**Abbott Park, IL 60064**<br>**w/s/o CT CORPORATION**<br>**1025 Vermont Avenue, N.W.**<br>**Washington, D.C. 20005** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **and** | )<br>) |
| **BRISTOL-MEYERS SQUIBB COMPANY**<br>**as successor to E.R. SQUIBB & SONS, INC.**<br>**P.O. Box 4500**<br>**Princeton, NJ 08543**<br>**w/s/o CT CORPORATION**<br>**1025 Vermont Avenue, N.W.**<br>**Washington, D.C. 20005** | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **and** | )<br>) |
| **DART INDUSTRIES, INC.,**<br>**as successor to REXALL DRUG CO., INC.**<br>**c/o Sheila Ann Marie Moeller, Esq.**<br>**Gilbride, Tusa, Last & Spellane, LLC**<br>**31 Brookside Drive**<br>**Greenwich, CT 06830** | )<br>)<br>)<br>)<br>)<br>) |
| **and** | )<br>) |

07 2179

# FILED

DEC - 3 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

143776v2

**GLAXOSMITHKLINE**                    )
a successor to S.E. MASSENGILL, CO.    )
**5 Moore Drive**                      )
**Research Triangle Park, NC 27709**   )
w/s/o **GLAXOSMITHKLINE**              )
**1500 K Street, N.W.**                )
**Washington, D.C. 20036**             )
                                       )
and                                    )
                                       )
**KREMERS-URBAN CO.**                  )
**6140 E. Executive Drive**            )
**Mequon, WI 53092**                   )
w/s/o **JACKSON & CAMPBELL, P.C.**     )
**1120 20$^{th}$ Street, N.W., Suite 300** )
**Washington, D.C. 20036**             )
                                       )
and                                    )
                                       )
**MALLINCKRODT, INC.**                 )
**675 McDonnell Boulevard**            )
**St. Louis, MO 63402**                )
                                       )
and                                    )
                                       )
**MERCK & CO., INC.**                  )
**P.O. Box 4**                         )
**West Point, PA 19486**               )
w/s/o **CT CORPORATION**               )
**1025 Vermont Avenue, N.W.**          )
**Washington, D.C. 20005**             )
                                       )
and                                    )
                                       )
**PERSON & COVEY, INC.**               )
**616 Allen Avenue**                   )
**Glendale, CA 91221**                 )
                                       )
and                                    )
                                       )
**PREMO PHARMACEUTICAL**               )
**LABORATORIES, INC.**                 )
w/s/o **Corporation Trust Co.**        )
**820 Bear Tavern Road**               )
**West Trenton, NJ 08628**             )

2

and                                                    )
                                                       )
                                                       )
PHARMACIA and UPJOHN COMPANY                           )
(aka THE UPJOHN COMPANY)                               )
100 Route 206 North                                    )
Peapack, NJ 07977                                      )
w/s/o CT CORPORATION                                   )
1025 Vermont Avenue, N.W.                              )
Washington, D.C. 20005                                 )
                                                       )
                         Defendants.                   )
                                                       )

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:   THE CLERK OF THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION.

PLEASE TAKE NOTICE that on the 3rd day of December, 2007, defendant Eli Lilly and Company filed in the United States District Court for the District of Columbia a Notice of Removal of the above styled action. A true copy of such Notice of Removal is attached hereto as **Exhibit 1** and is incorporated herein by reference.

Pursuant to 28 U.S.C. Section 1446(d), the filing of the attached Notice of Removal has effected the removal of the above styled action, and the Superior Court of the District of Columbia, Civil Division, should proceed no further unless and until this case is remanded.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, NW Suite 800
Washington, D.C. 20005-2004

3

143776v2

Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

4

143776v2

89-2179
RSW

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

KAREN LYNNE THORNTON
106 Cherokee Trail
Wilmington, NC 28409

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    New Hanover Cty
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, DC 20036

## DEFENDANTS

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285

88888

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Marion County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02179
Assigned To : Walton, Reggie B.
Assign. Date : 12/3/2007
Description: PI/Malpractice

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 2 U.S. Government
Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

⊙ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

⊙ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    **OR**    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| O  G. *Habeas Corpus/ 2255* | O  H. *Employment Discrimination* | O  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O  K. *Labor/ERISA (non-employment)* | O  L. *Other Civil Rights (non-employment)* | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding  O 2 Removed from State Court  O 3 Remanded from Appellate Court  O 4 Reinstated or Reopened  O 5 Transferred from another district (specify)  O 6 Multi district Litigation  O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332; 28 U.S.C. 1441; 28 U.S.C. 1446. Plaintiff alleges personal injury due to mother's ingestion of pharmaceutical product.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND $ 2,000,000    Check YES only if demanded in complaint    JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE December 3 ,2007    SIGNATURE OF ATTORNEY OF RECORD    *John C. Coté*

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.