IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Karen Lynn Thornton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:07-cv-02179 (RCL-AK) |
| ) | |
| Eli Lilly & Company, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ANSWER OF DEFENDANT KREMERS-URBAN CO.**

Defendant KREMERS-URBAN CO. ("Kremers-Urban") by its attorneys, JACKSON & CAMPBELL, P.C., answer the Complaint of the plaintiff herein as follows:

1. The allegations contained in paragraph 1 of plaintiff's complaint contain conclusions of law to which no answer is required, but to the extent that an answer by Kremers-Urban is deemed required, they are denied.

2. To the extent that the allegations of this paragraph are directed to this defendant, Kremers-Urban admits that it manufactured, formulated, marketed, sold and distributed DES in the period 1947 through 1962, and denies the remaining averments contained in paragraph 2 of the complaint insofar as they are directed to this defendant. To the extent that the allegations of this paragraph are directed to other defendants, Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

**COUNT I
(Negligent Failure to Warn)**

3. Defendant Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 3 of the Complaint. In answer to the third sen-

747502v.1

tence of this paragraph, Kremers-Urban admits that it manufactured, formulated, marketed, sold and distributed DES in the period 1947 through 1962, and denies the remaining averments of the third sentence of paragraph 4 of the Complaint directed to it.  To the extent that the allegations of this paragraph are directed to other defendants, Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

     4.    The averments contained in paragraph 4 of the complaint state plaintiffs' legal theories, to which no answer is required.  To the extent that an answer is deemed to be required, they are denied.

     5.    To the extent that the allegations contained in paragraph 6 of the Complaint are directed to Kremers-Urban, they are denied.  To the extent that the allegations of this paragraph are directed to other defendants, Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

     6.    Kremers-Urban denies any negligence, and denies that any of the injuries or damages alleged in paragraph 6 of the complaint resulted from any act or omission of Kremers-Urban.  To the extent that the allegations of this paragraph are directed to other defendants, Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

## COUNT II
### (Negligent Failure to Test)

     7.    Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 6, inclusive, of the complaint as if fully set forth herein.

     8 - 10.    To the extent that the allegations of these paragraphs are directed to defendant Kremers-Urban, they are denied.  Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraphs 9 through 11, inclusive, of the complaint.

## COUNT III
### (Strict Liability)

11.   Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 10, inclusive, of the complaint as if fully set forth herein.

12.   Denied.

13.   Kremers-Urban admits that it manufactured, formulated, marketed, sold and distributed DES in the period 1947 through 1962, and denies the remaining averments of paragraph 13 of the complaint directed to it. To the extent that the allegations of this paragraph are directed to other defendants, Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

14.   Defendant Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first clause of the sentence contained in paragraph 14 of the complaint. To the extent that the allegations contained in the second clause of this sentence are directed to Kremers-Urban, they are denied. To the extent that the allegations of this paragraph are directed to other defendants, Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

15 - 17.   To the extent that the averments of paragraphs 15 through 17, inclusive, of the complaint are directed to Kremers-Urban, they are denied. To the extent that the allegations of these paragraphs are directed to other defendants, Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

18.   Denied.

## COUNT IV
### (Breach of Warranty)

19.   Defendant Kremers-Urban repeats and realleges its answers to

747502v.1

paragraphs 1 through 18, inclusive, of the complaint as if fully set forth herein.

20 - 22.  To the extent that the averments of paragraphs 20 through 22, inclusive, of the complaint are directed to Kremers-Urban, they are denied. To the extent that the allegations of these paragraphs are directed to other defendants, Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

23.  Denied.

## COUNT V
### (Misrepresentation)

24.  Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 23, inclusive, of the complaint as if fully set forth herein.

25.  To the extent that the averments of paragraph 25 of the complaint are directed to Kremers-Urban, they are denied. To the extent that the allegations of this paragraph are directed to other defendants, Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

26.  Kremers-Urban is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint, but to the extent that an answer is deemed required, the allegations are denied.

27.  To the extent that the averments of paragraph 27 of the complaint are directed to Kremers-Urban, they are denied. To the extent that the allegations of this paragraph are directed to other defendants, Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

28.  Denied.

## COUNT VI
### (Punitive Damages)

29. Defendant Kremers-Urban repeats and realleges its answers to paragraphs 1 through 28, inclusive, of the complaint as if fully set forth herein.

30. To the extent that the averments of paragraph 30 of the complaint are directed to Kremers-Urban, they are denied. To the extent that the allegations of this paragraph are directed to other defendants, Kremer-Urban is without knowledge or information sufficient to form a belief as to the truth of those averments.

All allegations not hereinabove expressly admitted, qualified or denied, are denied.

### AFFIRMATIVE DEFENSES

By way of further answer, Defendant Kremers-Urban asserts the following Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action against Kremers-Urban.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable Statute of Limitations and/or by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom complete relief cannot be accorded among those already parties and without whom, in equity and fairness, this action should not proceed.

747502v.1

### FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiff sustained any injuries or damages as alleged in the complaint, these injuries or damages were caused in whole or in part by other intervening causes and, therefore, Kremers-Urban is not liable.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff suffered any injuries or damages as alleged in the complaint, these injuries or damages were caused in whole or in part by acts or omissions of another or others over whom Kremers-Urban had no control or right of control, whose conduct Kremers-Urban had no reason or opportunity to anticipate, and for whose conduct Kremers-Urban is not responsible and cannot be held liable.

### SIXTH AFFIRMATIVE DEFENSE

With respect to any causes of action based on alleged breaches of express or implied warranties, these causes of action are barred due to lack of privity between plaintiff and Kremers-Urban.

### SEVENTH AFFIRMATIVE DEFENSE

With respect to any causes of action based on alleged breaches of any warranties of merchantability or fitness for a particular purpose, these causes of action are barred by the disclaimer of the manufactured product.

### EIGHTH AFFIRMATIVE DEFENSE

With respect to any causes of action based on alleged breaches of express or implied warranties, no timely notice was given of any alleged breach of warranty and, therefore, plaintiff's warranty claims are barred.

### NINTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the complaint

were caused by a drug manufactured or marketed by Kremers-Urban, such injuries were the result of an idiosyncratic reaction to the product.

### TENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff sustained injuries, they resulted from pre-existing and unrelated medical, genetic and/or environmental conditions, diseases or illnesses of the allegedly DES-exposed plaintiff or her mother.

### ELEVENTH AFFIRMATIVE DEFENSE

Based on the then state of scientific research, Kremers-Urban could not have reasonably acquired knowledge of the alleged consequences of the use by any plaintiff's mother of the product in question, and, therefore, acted in good faith and without such knowledge.

### TWELFTH AFFIRMATIVE DEFENSE

At all times relevant, Kremers-Urban exercised reasonable care with respect to any product at issue and acted in accordance with the state of the art and knowledge of the scientific community.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owned to the allegedly DES-exposed plaintiff by Kremers-Urban at the time plaintiff's mother allegedly used the DES referred to in the complaint or by reason of the doctrine *en ventre sa mere*, and, therefore, plaintiff has failed to allege facts sufficient to state a cause of action upon which relief can be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages plaintiff may have sustained were caused by the allegedly DES-exposed plaintiff's own negligence or that of plaintiff's mother.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has been unable to identify Kremers-Urban as the company causing the alleged injuries, and, therefore, has failed to state a cause of action upon which relief may be granted.

### SIXTEENTH AFFIRMATIVE DEFENSE

If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by Kremers-Urban or its distributors.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if plaintiff suffered any injuries as alleged in the complaint, said injuries were the result of plaintiff's own culpable conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if plaintiff suffered any injuries as alleged in the complaint, said injuries were the result of the allegedly DES-exposed plaintiff's mother's culpable conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

The federal government has preempted the field of law applicable to prescription drug products, such as the DES referred to in the complaint and, therefore, the labeling, manufacture, distribution and sale of this drug were controlled by federal law. Since Kremers-Urban, in its manufacture, labeling and sale of said drug was in compliance with the applicable federal law, the complaint fails to state a cause of action upon which relief may be granted in that if upheld, such a cause of action would frustrate the effectiveness of federal law regulating the field of prescription drugs constituting an invalid bur-

den on interstate commerce violating the Supremacy Clause and the Commerce Clause of the United States Constitution.

### TWENTIETH AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief may be granted in that plaintiff has failed to identify the manufacturer of the alleged injury causing DES, and, accordingly, plaintiff's asserted causes of action, if upheld, contravene Kremers-Urban's constitutional rights to substantive and procedural due process and constitutes a taking of private property for a public use without just compensation, all of which contravene Kremers-Urban's constitutional rights under the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If it is judicially determined that this defendant is liable for any injuries sustained by plaintiff, which is denied, then Kremers-Urban states that any injuries so sustained were caused, in whole or in part, by such plaintiff's own negligence and/or fault, thereby barring plaintiff from any recovery from this defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the causes of action contained in the complaint because plaintiff has suffered no legal damages in that if the allegedly DES-exposed plaintiff's mother used the allegedly injury-causing drug during her pregnancy with plaintiff, then its use was responsible for the birth of that plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

On information and belief, the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the complaint with respect to herself and her offspring.

747502v.1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The methods, standards and techniques of designing, testing, manufacturing, packaging, labeling, marketing, handling, distributing and selling of the products referred to in the second amended complaint were determined and applied in conformity with the generally recognized state of the art at the time these products were designed, tested, manufactured, packaged, labeled, marketed, handled, distributed and sold.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the learned intermediary doctrine, and plaintiff is therefore not entitled to recover anything from this defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any past or future costs or expenses incurred or to be incurred by plaintiffs for economic loss have been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent plaintiff has settled with any of the defendants, Kremers-Urban's liability is reduced accordingly.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The complaint fails to plead misrepresentation with the requisite particularity and should be dismissed.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the due process

clauses of the Fourteenth Amendment to the United States Constitution.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of punitive damages because plaintiff cannot prove, by clear and convincing evidence, that Kremers-Urban acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard of the rights of the plaintiffs; AND that Kremers-Urban's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the plaintiff; AND that Kremers-Urban's officers, directors or managing agents participated in the act, authorized the act, or approved or ratified the act before or after it was done.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Kremers-Urban incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses which become available during discovery or trial.

WHEREFORE, defendant, Kremers-Urban Company, demands judgment dismissing the complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

747502v.1

DATED:    June 23, 2008

                Respectfully submitted,

                Jackson & Campbell, P.C.


                /s/ Robert N. Kelly
                _____
                Robert N. Kelly, DC Bar No. 287276
                1120 20th Street N.W.
                Suite 300-South
                Washington, DC 20036
                (202) 457-1600
                (202) 457-1678 fax
                rkelly@jackscamp.com

                Attorneys for Defendant
                Kremers-Urban Company

747502v.1

# CERTIFICATE OF SERVICE

I, Robert N. Kelly, hereby certify that a true and accurate copy of the foregoing pleading was electronically filed with the Clerk of the Court using ECF on this 23rd day of June, 2008, which sent notification of such filing to all counsel of record listed below:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Sidney G. Leech
GOODELL, DeVRIES, LEECH & DANN
One South Street, 20th Floor
Baltimore, MD  21202
**Attorneys for Bristol Myers Squibb
    Company**

Sean S. D. McDonough
HUDGINS LAW FIRM PC
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey, Inc.**

John C. Coots
SHOOK HARDY & BACON, LLP
600 14th Street NW, Suite 800
Washington, DC  20005
**Attorneys for Eli Lilly & Company**

Elizabeth Ewert
DRINKER BIDDLE & REATH, LLP
1500 K Street NW, Suite 1100
Washington, DC  20005
**Attorneys for Merck & Co. and
Pharmacia and UpJohn Co. and**

Jennifer G. Levy
KIRKLAND & ELLIS, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC  20005
**Attorneys for Abbott Laboratories**

Craig C. Reilly
RICHARDS McGETTIGAN REILLY & WEST
111 Oronoco Street
Alexandria, VA  22314
**Attorneys for Dart Industries, Inc.**

Janet K. Coleman
WHITNEY & BOGRIS, LLP
401 Washington Ave., 12th Floor
Towson, MD  21204
**Attorneys for GlaxoSmithKline
and Mallinckrodt, Inc.**

Sarah S. Keast
GOODWIN & PROCTOR, LLP
901 New York Ave. NW, Suite 900
Washington, DC  20001
**Attorneys for Premo Phamaceutical
Laboratories, Inc.**

Sean C.E. McDonough
David D. Hudgins
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA  22314
**Attorneys for Person & Covey**

　　　　　　/s/ Robert N. Kelly
**ATTORNEY FOR DEFENDANT
KREMERS-URBAN CO.**

747502v.1